**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 00-7210**

─────────

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

     versus

VANCE MARCEL GIBSON,

                                  Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, District Judge. (CR-93-211-6, CA-98-113-1)

─────────

Submitted: May 3, 2001             Decided: May 17, 2001

─────────

Before WIDENER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Vance Marcel Gibson, Appellant Pro Se. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vance Marcel Gibson seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.[*] United States v. Gibson, Nos. CR-93-211-6; CA-98-113-1 (M.D.N.C. Aug. 10, 2000). Gibson has also filed a motion to stay proceedings and remand this case to the district court so he can amend his § 2255 motion to include an Apprendi claim. This motion is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Gibson alleges for the first time in his informal brief that his sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000). We recently held in United States v. Sanders, ___ F.3d ___, 2001 WL 369719 (4th Cir. Apr. 13, 2001) (No. 00-6281), that the new rule announced in Apprendi is not retroactively applicable to cases on collateral review. Accordingly, Appellant's Apprendi claim is not cognizable.

2